ROSENBLUTH, Trustee in bankruptcy, Plaintiff, vs. THE STATE, Defendant.

*September 18—October 13, 1936.*

For the plaintiff there was a brief by *Buchanan Johnson* of Plainfield, attorney, and *Walter D. Corrigan, Sr.,* and *A. C. Backus,* both of Milwaukee of counsel, and oral argument by *Mr. Corrigan.*

The *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, for the defendant.

FOWLER, J. This case was brought in this court under ch. 285, Stats. 1933. Sec. 285.03 of that chapter, repealed since commencement of this action, provides that cases against the state where the legislature has denied a claim shall be brought in the supreme court. The case was referred to the circuit court for Waushara county for trial of the issues of fact by a jury, in accordance with said statute. The record has been returned with a verdict of a jury and the evidence upon which it is based. The only question involved is the amount the state must pay for men and machinery furnished by the Leola Farms Company, a corporation of which the plaintiff is the trustee in bankruptcy, to fight fires at the request of a state forest ranger. The jury fixed the reasonable value of men's work at fifteen cents per hour. The plaintiff

claims that the evidence shows without dispute that the men's work was worth thirty-five cents per hour, and that there is no evidence to support a finding of any other amount. Two other findings of seventy-five cents per hour for the use of each of two items of machinery are attacked as entirely without support in the evidence, on the ground that the only evidence upon the point is that the use of each of the machines was reasonably worth $1 per hour. Neither the number of hours' work of men nor use of machinery is in dispute. The plaintiff claims the amount of the judgment should be computed at thirty-five cents per hour for men, $1 per hour for use of the two machines above referred to, and at the rate per hour for use of the other machinery used as found by the jury. The state claims the amount for all the service rendered should be computed at the rates per hour as found by the jury.

Ch. 285, Stats., applies to actions against the state after the legislature has refused to allow claims presented against it. Sec. 285.03, Stats. 1933, provided that the supreme court should "hear and determine" such actions. It also provided that if issues of fact should be raised in such actions, which the court should deem necessary to be tried by a jury, the court should certify the issue to some circuit court to try such issue "by a jury as in other cases." The statute further provided that upon return of the verdict the court might "enter judgment thereon or again certify the same question of fact . . . to be tried and returned," and might grant a new trial of any issue of fact as often as it should be satisfied good cause therefor existed.

Neither party is asking for a new trial in the instant case. Each party asks the judgment of the court in accordance with the record as now before us. Upon that record we are constrained to rule that there is no evidence whatever to support the finding of the jury of seventy-five cents per hour as

the reasonable worth of the use of the two machines above referred to. The evidence of one witness was that they were worth $1 per hour, of another that they were worth "around two dollars per hour." There is no other evidence to the point. The worth of the use of the machines must therefore be computed at $1 per hour, that being the least amount at which the jury could fix it upon the evidence before them.

The phrase "trial by jury as in other cases" above quoted from the statute doubtless implies that the jury's findings are to be given the same consideration and weight that verdicts of juries returned in cases brought in the circuit courts are given. Such verdicts cannot be disturbed unless under any reasonable view of the whole evidence they are without support. With this rule in mind we must determine whether the findings of the jury can stand, and, if not, whether the least amount which a jury could reasonably fix under all the evidence bearing upon the point is as claimed by the plaintiff.

The kind of work involved was fighting fire. The record discloses that it was hard and fatiguing. The daily hours of service were long. At times some of the men driving tractors worked as long as thirty-six hours continuously without sleep. Two fires are involved. They were peat and forest fires. While the record does not so show, such work, as matter of common knowledge, by reason of subjection to smoke, heat, and wind, causes great physical discomfort and distress. The service is compulsory. Sec. 26.14 (1), Stats. The statute, in sub. (3), provides that workmen shall "receive such pay as the [conservation] commission may determine, but not to exceed thirty-five cents per hour." The commission refused in the instant case to allow anything. Obviously, when men are called upon to work in putting out fires under the statute last cited, the commission must allow them some compensation, and, in case of the commission's refusal to pay, the state is liable to compensate the men for the reasonable value of their work up to the maximum limit

of the statute. This is conceded by counsel for the state. The men involved were all working for the corporation and were taken from work upon the company's farm. They were paid by the company at their contract wage. It is obvious also, although the testimony does not directly so state, that the company furnished the men their board and lodging during the time involved. The superintendent of the company's farm testified that the kind of work done by the men was reasonably worth thirty-five cents per hour. A witness who was in charge for the commission in fighting other fires in the region testified that he paid the men working under him thirty-five cents per hour. A witness testified that he assisted in putting out a fire in the vicinity and was paid twenty-five cents per hour, and his hired man was paid the same, and that he supposed his work was reasonably worth that, because that was what he got, and he got "a reasonable rate," but did not qualify by showing any special knowledge as to "the reasonable worth of the kind of work involved," as did the farm superintendent first mentioned. The basis of the finding of fifteen cents by the jury doubtless was a schedule prepared by the person in the company's employ who kept the time put in, in fighting fire by the company's men and machines at the request of the forest ranger who "called upon" the company for assistance. This schedule showed the "cost to the company" of the service rendered. It gave the wage per hour paid by the company to the different men who assisted in fighting the fire. The wage varied from fifteen to twenty-seven cents per hour. From the nature of the employment the inference is obvious that the men received in addition their board, lodging, and washing, as is customary in farm employment by the month, and meals at least when employed by the day.

From all this evidence, and this is all the evidence there is to the point, we are convinced that thirty-five cents per hour is the least that a jury could reasonably find the service of the

company's men was reasonably worth. The time involved was agreed to be as stated in the exhibits attached to the complaint. The amount of the judgment, according to computation made by plaintiff's counsel which the state's counsel do not dispute, is $3,622.20 and interest since the date of the verdict. Judgment will be entered for that amount, unless the computation shall be shown to be incorrect by counsel for the state.

*By the Court.*—The clerk of the court will enter judgment in accordance with the opinion.